ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DASHARRH BARFIELD,                                              Case No.: 18-cv-2819

                      Plaintiff,

                                                                                      COMPLAINT
          -against-                                   JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY CRUPI and "JOHN DOES 1-10"
FICTITIOUS NAMES INTENDED TO BE POLICE
OFFICERS, EMPLOYEES OF THE NEW YORK
CITY POLICE DEPARTMENT INDIVIDUALLY AND
AS POLICE OFFICERS OF THE NEW YORK CITY
POLICE DEPARTMENT,

                                         Defendants.
-------------------------------------------------------------------------X

      Plaintiff, DASHARRH BARFIELD, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

      1.      This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER ANTHONY CRUPI and "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, DASHARRH BARFIELD, alleges that on or about July 8, 2015, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, using excessive force in effecting the arrest of Plaintiff, causing irreversible and irreparable physical injury to his spine, right wrist, right knee, and other soft tissue injuries, and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff, DASHARRH BARFIELD, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a

municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER ANTHONY CRUPI was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER ANTHONY CRUPI was assigned to PSA1 of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action police officers employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, "JOHN DOES 1-10" were assigned to PSA1 of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER

DASHARRH and "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE, the unknown police officers whose identity Plaintiff intends to discover.

13.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14.     At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

15.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

16.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

                          FACTUAL BACKGROUND

17.     At all times relevant to this action, Plaintiff resided at 5975 Shore Parkway, Brooklyn, New York.

18.     On July 8, 2015 at approximately 10:30 p.m., the Plaintiff exited his building located at 5975 Shore Parkway, Brooklyn, New York.

19. Upon exiting his building, the Plaintiff walked to a van located in the parking lot of 5975 Shore Parkway, Brooklyn, New York.

20. That Plaintiff walked from his building to the van with his wife Deep Singh.

21. Plaintiff was holding a pair of sneakers and a t-shirt while walking with his wife to the van.

22. That a marked NYPD van followed the Plaintiff and his wife to the van located in 5975 Shore Parkway, Brooklyn, New York parking lot.

23. That two of the plaintiff's friends were in the back seat of the van along with their infant child.

24. Upon arriving at the van, plaintiff opened the front driver's side door, placed his shirt on the driver's seat, and began to change into his sneakers.

25. While changing his sneakers, the police van pulled up next to the plaintiff's van.

26. That Defendant POLICE OFFICER ANTHONY CRUPI and a "JOHN DOE" Police Officer exited the marked NYPD vehicle.

27. Defendant POLICE OFFICER ANTHONY CRUPI stated to the Plaintiff: "I smell marijuana."

28. Plaintiff responded by stating: "I am not smoking."

29. Defendant POLICE OFFICER ANTHONY CRUPI and a "JOHN DOE" Police Officer directed that occupants of the back seat exit the van.

30. Defendant POLICE OFFICER ANTHONY CRUPI then asked the Plaintiff where he was going in the van. The Plaintiff responded by stating that he was dropping his friends and infant at their home and he was then going to Manhattan with his wife to an event in a nightclub.

The Plaintiff also showed Defendant POLICE OFFICER ANTHONY CRUPI the tickets for the event.

31. Defendant POLICE OFFICER ANTHONY CRUPI placed the Plaintiff's hands in handcuffs.

32. The Plaintiff requested that he be told his arrest charge and Defendant POLICE OFFICER ANTHONY CRUPI responded by stating that the plaintiff was arrested for possession of marijuana.

33. Defendant POLICE OFFICER ANTHONY CRUPI then demanded to know the whereabouts of the marijuana. The plaintiff stated that he did not have marijuana.

34. Defendant POLICE OFFICER ANTHONY CRUPI then began to search the plaintiff's van.

35. No marijuana or contraband was found upon POLICE OFFICER ANTHONY CRUPI's search of the van.

36. Defendant POLICE OFFICER ANTHONY CRUPI then opened the trunk of the plaintiff's van.

37. Defendant POLICE OFFICER ANTHONY CRUPI removed a stroller from the trunk and an empty bottle of Hennessy.

38. No marijuana or contraband was found upon POLICE OFFICER ANTHONY CRUPI's search of the trunk of the van.

39. Defendant POLICE OFFICER ANTHONY CRUPI asked the plaintiff why an empty bottle of alcohol was in the trunk.

40. The Plaintiff advised Defendant POLICE OFFICER ANTHONY CRUPI that the bottle was from his birthday party from the night before and that he was keeping the bottle as a souvenir.

41. Defendant POLICE OFFICER ANTHONY CRUPI then forcefully kicked the stroller that has been removed from the trunk.

42. Plaintiff asked Defendant POLICE OFFICER ANTHONY CRUPI why he kicked the stroller.

43. Defendant POLICE OFFICER ANTHONY CRUPI then stated to the Plaintiff: "Now you are getting locked up, you should have kept your mouth shut."

44. Defendant POLICE OFFICER ANTHONY CRUPI grabbed the plaintiff's shirt, causing it to tear, and slammed the plaintiff to the ground face first causing his right hand and knee to first come in contact with the cement before the rest of his body.

45. Defendant POLICE OFFICER ANTHONY CRUPI began to kick the plaintiff about his ribs and spine.

46. Thereafter, several other marked NYPD arrived at the scene.

47. Defendant POLICE OFFICERS JOHN DOES 1-10 assisted the plaintiff to his feet and walked him to the NYPD van.

48. After placing the plaintiff in the NYPD van, Defendant POLICE OFFICER ANTHONY CRUPI punched the plaintiff in the face.

49. That Defendant POLICE OFFICER JOHN DOES 1-10 directed their flashlights at the spectators mobile telephones so that the assault could not be captured on video.

50. Thereafter, the Plaintiff was relocated to the PSA1 and was photographed and finger printed.

51. Plaintiff was later relocated to Central Booking in Brooklyn, New York.

52. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER ANTHONY CRUPI reported to the office of the district attorney that they observed the plaintiff consuming alcohol in a public place.

53. Defendant POLICE OFFICER ANTHONY CRUPI reported to the office of the district attorney that the Plaintiff began to yell profanities, flailed his arms and struggled while being arrested.

54. These allegations were false and Defendant POLICE OFFICER ANTHONY CRUPI knew the statements to be false at the time that they were made.

55. Defendant POLICE OFFICER ANTHONY CRUPI forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

56. Defendant POLICE OFFICER ANTHONY CRUPI knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

57. On July 9, 2015, the Plaintiff was produced before Judge Joy F. Campanelli under Docket No.: 2015KN044226.

58. That the Criminal Complaint charged the Plaintiff with the following offenses: 1) Consumption of Alcohol in Public in violation of New York Administrative Code §10-125(B); and Resisting Arrest in violation of Penal Law § 205.30.

59. The case was adjourned in contemplation of dismissal at arraignment and ultimately dismissed on January 8, 2016.

60. As a direct and proximate result of the action of the Defendant's THE CITY OF NEW YORK, POLICE OFFICER ANTHONY CRUPI, and "JOHN DOES 1-10" FICTITIOUS NAME INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, Plaintiff was physically assaulted.

61. As a direct and proximate result of the actions of THE CITY OF NEW YORK, POLICE OFFICER ANTHONY CRUPI, and "JOHN DOES 1-10," A FICTITIOUS NAME INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, Plaintiff was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately one day.

62. Defendant POLICE OFFICER ANTHONY CRUPI acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendants knew were false.

63. Defendant POLICE OFFICER ANTHONY CRUPI brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize himself for his unlawful, unconstitutional arrest of Plaintiff and his use of excessive force and gratuitous acts of violence against Plaintiff.

64. To date, as a direct and proximate result of the defendants actions, Plaintiff has suffered loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and

liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

65. As a direct and proximate result of defendant's actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately one day for criminal charges without just cause.

66. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

67. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

68. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

69. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(DEFENDANT POLICE OFFICER ANTHONY CRUPI)

70.    Plaintiff, repeats and realleges the allegations contained in paragraphs 1-69 of this complaint, as though fully set forth therein.

71.    On July 8, 2015 at approximately 10:30 p.m., in the vicinity of 5975 Shore Parkway, Brooklyn, New York, POLICE OFFICER ANTHONY CRUPI without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of Plaintiff such that Plaintiff was injured.

72.    That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

73.    By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

74.    The acts and conduct of Defendant POLICE OFFICER ANTHONY CRUPI, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### (POLICE OFFICER ANTHONY CRUPI)

75. Plaintiff repeats and realleges the allegations contained in paragraphs 1-74 of this complaint as though fully set forth therein.

76. The actions of defendant POLICE OFFICER ANTHONY CRUPI, and acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

77. By these actions, the individual defendant has deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

78. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: FAILURE TO INTERVENE
### (Defendants POLICE OFFICER JOHN DOES 1-10)

79. Plaintiff repeats and realleges the allegations contained in paragraphs 1-78 of this complaint as though fully set forth therein.

80. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

81. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint and though fully set forth therein.

84. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

85. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

86. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

87. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about

the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

88. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009);

89. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

90. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-89 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

91. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-89 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury.

92. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

93. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### FIFTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

94. Plaintiff repeats and realleges the allegations contained in paragraphs 1-93 of this complaint and though fully set forth therein.

95. Defendants, POLICE OFFICER ANTHONY CRUPI and POLICE OFFICERS "JOHN DOES 1-10" under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

96. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in violation of Plaintiff constitutional rights including the right to due process, to have Plaintiff wrongfully prosecuted for a crime that he did not commit.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff DASHARRH BARFIELD requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
       May 11, 2018

/s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100